## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13 B 29753 |
| | ) | |
| SAMUEL L. BRIMMAGE, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| ———————————————— | ) | |
| | ) | |
| SAMUEL L. BRIMMAGE, | ) | |
| | ) | |
| Adversary Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 14 A 00674 |
| | ) | |
| QUANTUM3 GROUP LLC and ELITE | ) | |
| RECOVERY ACQUISITIONS, LLC, | ) | |
| | ) | |
| Adversary Defendants. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
### COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF

Defendants, QUANTUM3 GROUP LLC and ELITE RECOVERY ACQUISITIONS, LLC (collectively "Defendants"), by and through their attorneys, David J. Frankel, Cari A. Kauffman and the law firm of Sorman & Frankel, Ltd. Plaintiff's,  SAMUEL L. BRIMMAGE ( "Plaintiff"), Adversary Complaint (the "Complaint"), filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Fed.R.Civ.P. 12(b)(6) (West 2014), and such other Rules as may apply, state as follows:

### I.       INTRODUCTION

Plaintiff filed his Complaint on September 12, 2014.  Plaintiff asserts in the Complaint that Defendants violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §1692, et. seq., by filing a proof of claim on a time barred debt in the Plaintiff's Chapter 13 bankruptcy case.

Plaintiff alleges that the filing a proof of claim on time barred debt violates FDCPA §1692e(5)'s prohibition against "threat[ening] to take any action that cannot be legally taken or that is not intended to be taken" and FDCPA §1692e's prohibition against using false representations to and deceptive means to collect a debt. How can a proof of claim, even on a debt that is time barred, which is permitted to be filed under the Bankruptcy Code and Rules be an FDCPA violation? If the Bankruptcy Code and Rules permit such filing, then the filing of the claim cannot be taking an action that cannot be legally taken. The proof of claim does not provide any false information.

Plaintiff's Complaint fails to state a claim for relief against Defendants because:

(1) <u>For the FDCPA to apply, the act of filing a claim just be a communication in an attempt to collect a debt against a consumer.</u> The filing of a Bankruptcy Code (11 U.S.C. § 101, et. seq.), sanctioned proof of claim is not debt collection under the FDCPA.

    A.    A proof of claim, unlike a complaint making a prayer for judgment or a letter demanding payment, is filed to protect a debt from discharge.

    B.    A proof of claim is not akin to a complaint filed in a civil action.

    C.    A majority of courts have held that the FDCPA does not apply to the filing of a proof of claim.

    D.    The filing of a proof of claim cannot be debt collection because it would violate the automatic stay of 11 U.S.C § 362**.**

    E.    A proof of claim is not debt collection because it does not seek payment from the debtor; but rather allows payment from a bankruptcy estate.

    F.    The filing of a proof of claim on a time barred debt is permitted by the Bankruptcy Code and therefore cannot be a violation of the FDCPA.

(2) An FDCPA creditor (defined herein as a creditor with FDCPA debt using an authorized agent to make filings in bankruptcy court) <u>cannot comply with the FDCPA and the Bankruptcy Code when participating in the bankruptcy claim filing process.</u>

## II.      LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rules of Civil Procedure ("FRCP") 12(b)(6), the Court takes as true the facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff.  Dismissal  is warranted if no relief could be granted under any set of facts that could be proved consistent with the allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). In evaluating the facts alleged in the complaint, a court should not "accept legal conclusions that may be alleged or that may be drawn from the pleaded facts," and "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Mid- America Regional Bargaining Ass'n v. Will County Carpenters Dist. Council, 675 F.2d 881, 883 (7th Cir. 1982).  In "determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir.2009).

## III.      ARGUMENT

Plaintiff's sole contention in the Complaint is that the filing of a proof of claim on a time barred debt violates the FDCPA. Plaintiff makes no assertion in the Complaint that Defendants engaged in any other conduct allegedly violating the FDCPA.

### A.      THE FAIR DEBT COLLECTION PRACTICES ACT.

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1962, et. seq., was enacted to protect consumers from abusive debt collection practices likely to disrupt a debtor's life. Mace v. Van Ru Credit Corp. 109 F.3d 338, 343 (7th Cir. 1997). "The FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors irrespective of whether a valid debt actually exists." Keele v Wexler, 149 F.3d 589, 594 (7th Cir. 1998). The FDCPA "protect[s]

Quantum/Brimmage/Motion to Dismiss - Memo

consumers from a host of unfair, harassing, and deceptive debt collection practices" Rhines v. Norlarco Credit Union 847 N.E. 2d 233, 240 (Ind. Ct. App. 2006), trans. denied, 860 N.E.2d 595 (Ind. 2006).

The FDCPA only applies to debt collectors. Debt collectors are defined to include:

> "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly, debts owed or due or asserted to be owed or due another."

15 U.S.C. §1692a(6). The FDCPA only regulates debt collectors pursing collection of a particular kind of debt. Specifically, the only debt covered the FDCPA is:

> "[an] obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

15 U.S.C. §1692a(5). The FDCPA regulates the nature, timing and content of communications in connection with collection of a FDCPA debt. Communications are broadly defined to include the "conveying of information regarding a debt directly or indirectly through any medium." 15 U.S.C. §1692(a)(2).

Without being an exhaustive list, the FDCPA provides that debt collection communications are abusive and deceptive when they occur in the following circumstances:

(1)  early morning or late night phone calls. 15 U.S.C. §1962c(a)(1);

(2)  failing to stop communication (in a way other than litigation) after receiving written notice from the consumer. 15 U.S.C. §1962c(c);

(3)  frequent phone calls intended to annoy, abuse or harass. 15 U.S.C. §1962d(5);

(4)     communication concerning the debt at a consumer's place of employment after being told the same is not allowed. 15 U.S.C. §1962c(a)(3);

(5)     contacting a consumer known to be represented by counsel. 15 U.S.C. §1962c(a)(2);

(6)     collection communications after a request for validation of the debt has been made. 15 U.S.C. §1962g(b);

(7)     false or misleading misrepresentations concerning the debt.  15 U.S.C. §1962e(1)-(16);

(8)     inclusion of the consumer's name on a published bad debt list. 15 U.S.C.§1962d(3);

(9)     requesting payment of amounts not allowed by law or contractual terms. 15 U.S.C. §1962f(1);

(10)    threats of unpermitted or unintended legal action or arrest. 15 U.S.C. §1962e(4) and (5);

(11)    use of profane of abusive language in communicating about the debt. 15 U.S.C. §1962d(2);

(12)    unpermitted discussions of debt with third parties (other than attorney or spouse). 15 U.S.C. §§ 1962c(b), and 1962b;

(13)    use of inappropriate instrumentalities of communication, ie, postcards, telegrams or use of false letterheads. 15 U.S.C. §1962f(7) and (8); and

(14)    threatening to report or reporting false information on a credit report.  15 U.S.C. §1962e(8).

In addition to outlining prohibited communications, the FDCPA also outlines required communications. These communications include:

(1)     a warning in every communication that the same is made by a debt collector and in the initial communication that any information obtained will be used to collect the debt. 15 U.S.C. §1962e(11);

(2)     name and address of original creditor if requested in 30 days after receipt of

the initial communication. 15 U.S.C. § 1962g(b);

(3)  notification, within 5 days of the initial communication, that the consumer has 30 days to dispute the debt, in whole or part. 15 U.S.C. § 1962g(b);

(4)  provide written verification of debt upon demand or dispute and cease collection activity. 15 U.S.C. § 1962g(b);

(5)  only sue the consumer in the place he or she lives or the place that the contract was signed. 15 U.S.C. § 1962i(a).

The FDCPA provides a road map for compliance with its provisions in all but one respect; namely, what constitutes "debt collection". Strangely, this undefined term is the very cornerstone of the FDCPA's stated purpose:

> "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

15 U.S.C. §1692(e). The vast majority of FDCPA cases involve collection activities that involve phone calls, letters or litigation. In these cases, the courts have found, without necessarily discussing, that demands for payment made by letter, phone, or formal complaint constitute the type of collection activities targeted by the FDCPA   Hahn v. Triumph Partnership, 577 F.3d 790 (7th Cir. 2009)(misleading privacy notice sent in the same envelope as a letter demanding payment of the debt was sent in connection with debt collection); Karr v. Med-1 Solutions, LLC, 2014 U.S. Dist. LEXIS 63424 (S.D. Ind. May 7, 2014)(letter from attorney seeking collection of a debt violated FDCPA). Teng v.Metropolitan Retail Recovery, Inc., 851 F.Supp. 61, 67 (E.D.N.Y. 1994)(a defendant who made phone calls could be held personally liable for an FDCPA violation); Weldon v.Asset Acceptance, LLC, 2011 U.S. Dist. LEXIS 26185 (S.D. Ind. March 14, 2011)(a plaintiff states a

FDCPA claim when a complaint on a time barred debt is filed).

Recently, the Seventh Circuit Court of Appeals in <u>Randolph v. IMSB, Inc</u>., 368 F.3d 726 (7th Cir. 2004) held that the FDCPA applied to a post-petition letter demanding immediate payment on a debt that was subject to a confirmed Chapter 13 Plan.   However, the Seventh Circuit Court of Appeals has made clear that there are limits to the reach of the FDCPA. The FDCPA is not designed or intended to apply to every communication concerning a debt. <u>Bailey v. Security National Servicing Corporation</u>, 154 F.3d 384 (7th Cir. 1998) (the FDCPA only applies to communications "in connection with the collection of any debt". A letter that does not demand payment but merely informs about the current status of an account is not a communication subject to the FDCPA).

This case, unlike <u>Randolph</u>,  involves pleadings sanctioned by, and filed pursuant to, express provisions of the Bankruptcy Code, 11 U.S.C. §101, et. seq. (the "Bankruptcy Code"). As discussed herein, the filing of a proof of claim is not debt collection.

## B.    THE FILING OF A BANKRUPTCY CODE SANCTIONED PROOF OF CLAIM IS NOT DEBT COLLECTION.

The FDCPA was enacted to eliminate abusive debt collection practices. 15 U.S.C. §1692(e). For the FDCPA to apply, the filing of a proof of claim must be debt collection. For the reasons stated herein, the filing of a proof of claim is not debt collection.

### 1.    A Proof of Claim, Unlike a Complaint Making a Prayer for Judgment or a Letter Demanding Payment, is Filed to Protect a Debt from Discharge.

The Federal Rule of Bankruptcy Procedure (hereinafter, "FRBP"), Rule 3002(a) provides that "an unsecured creditor must file a proof of claim…for the claim…to be allowed".  The Bankruptcy Court imposes a deadline for filing a proof of claim.  FRBP 3003(c)(3). A creditor, with notice of the bankruptcy case that does not timely file a proof of claim will  have its claim discharged in

bankruptcy. <u>Matter of Greenig</u>, 152 F.3d 631, 635 (7th Cir. 1998) (A creditor that has notice or knowledge of the case in time to file a timely proof of claim and fails to do so will have its claim denied).

      Unlike the typical FDCPA claim involving an unsolicited letter demanding payment, or a complaint making a prayer for judgment, the filing of a proof of claim is a defensive action taken to preserve a debt against the unique remedy of discharge. A debtor files a bankruptcy petition seeking a remedy not allowed in civil court, the discharge of valid debts. In response, a creditor must file a proof of claim to stave off the debtor's attempt to discharge the debt. The filing of a proof of claim is debt preservation, not debt collection and therefore is not governed by the FDCPA.

      Furthermore, unlike debt collectors acting outside of the bankruptcy process, the Bankruptcy Code closely regulates and controls the proof of claim process. A proof of claim is a written statement setting forth a creditor's claim. FRBP 3001(a). The format and content of a proof of claim is limited by the required use of an official form, namely, Official Form B10 (the "Official Form")(FRCP 3001(a))(a proof of claim must conform substantially to the Official Form). See Proof of Claim.  The Official Form dictates the type of information provided in the proof of claim requiring only: (1) the amount of the claim as of the date the bankruptcy case was filed; (2) the basis for claim; (3) itemization of the claim if it includes interest or other charges; and (4) the status of the claim as unsecured, secured, or subject to priority. See, Exhibit A.  A proof of claim does not contain a prayer for judgment or a demand for payment. <u>Bailey v. Security National Servicing Corporation</u>, 154 F.3d 384 (7th Cir. 1998)(A letter that does not demand payment. but merely informs about the current status an account is not a communication subject to the FDCPA). A proof of claim is a communication to a bankruptcy estate seeking to preserve, and convey, the status of a debt.  The

Quantum/Brimmage/Motion to Dismiss - Memo

official B10 Form does not have either the FDCPA mini-Miranda or full FDCPA disclosure, since the intention of filing the proof of claim has never been a collection activity.

A private trustee appointed by the Office of the United States Trustee is charged with the responsibility to "examine proofs of claims and object to the allowance of any claim that is improper". 11 U.S.C. §704(a)(5). The Official Comments to FRBP 3007 states:

> "While the debtor's other creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to the recognition that the right to object is generally exercised by the trustee."

In addition to the statutory obligation of an appointed Trustee to review and object to claims, a debtor is also charged with the responsibility to engage in review of proofs of claim. A proof of claim filed pursuant to Bankruptcy Code §501(a)(1), is deemed allowed unless objected to. 11 U.S.C. §502(a).  Therefore, the bankruptcy claims process provides for review of proofs of claim by at least "two sets of eyes", each with corresponding rights to challenge payment of any claim. "In short, the bankruptcy process provides protection against fraudulent proofs of claim". Adair v. Sherman, 230 F.3d 890 (7th Cir. 2000).

### 2.      A Proof Of Claim is not Akin to a Complaint Filed in a Civil Action.

A civil action is commenced by the filing of a complaint. Federal Rule of Civil Procedure ("FRCP"), Rule 3. A complaint is directed only against identified defendants. The court acquires jurisdiction over the defendant to a complaint through service of a summons in a manner designated under the applicable rules of trial procedure.  FRCP, Rule 4. A complaint must contain a short and plain statement showing entitlement to relief and **must contain a demand for relief.**  FRCP, Rule 8 (emphasis added).

Quantum/Brimmage/Motion to Dismiss - Memo

Unlike a civil action, a bankruptcy case is commenced by the filing of a bankruptcy petition.11 U.S.C. §301. Upon the filing of a bankruptcy petition, Bankruptcy Code §362, imposes an automatic stay (the "automatic stay"). The automatic stay precludes, among other things, "any act" to collect a debt and the "commencement or continuation. . . of a judicial, administrative, or other action or proceeding" against the debtor. 11 U.S.C. §362(a)(1). Commencement or maintenance of a judicial action to collect a debt during a bankruptcy case is forbidden by the automatic stay. 11 U.S.C. §362(a)(1).

Unlike a civil complaint, which is governed by applicable rules of trial procedure, a proof of claim is governed by the provisions of Bankruptcy Code § 501 and the Federal Rules of Bankruptcy Procedure, Rules 3001-3007. A proof of claim does **not** contain a prayer for relief which is something required in a complaint. FRCP, Rule 8.

It is not as if the Federal Rules of Bankruptcy Procedure and Bankruptcy Code fail to draw a distinction between proofs of claim and complaints seeking recovery of money from a debtor. An entire section of the Federal Rules of Bankruptcy Procedure is dedicated to proceedings akin to those occurring in civil actions. Specifically, Federal Rule of Bankruptcy Procedure 7000, et. seq. sets forth the procedures and rules for adversary proceedings in bankruptcy. One type of adversary proceeding sanctioned by the Federal Rules of Bankruptcy Procedure is one seeking "recover money or property" from the debtor. FRBP 7001(a). An action to recover money or property from the debtor requires the filing of a summons and complaint. FRBP 7004. An adversary seeking recovery of money from the debtor is governed by rules mirroring the Federal Rules of Civil Procedure. FRBP 7002.

If the filing of a proof of claim was "a proceeding to recover money or property" from the debtor, it would be governed by rules covering adversary proceedings and would require the filing of a summons and complaint. The fact that a proof of claim does not require the filing of a summons and complaint is evidence that the Bankruptcy Code does not consider the filing of a proof of claim to be a proceeding "to recover money" from the debtor. The filing of a proof of claim is not debt collection under the Bankruptcy Code or the FDCPA.

> **3.      The Majority of Courts Have Held that the FDCPA Does Not Apply to the Filing of a Proof of Claim**.

The filing of a proof of claim allows a creditor to avoid having its debt discharged in bankruptcy.  This is not debt collection under the FDCPA. In fact, a majority of courts that have considered the issue have concluded that the filing of a proof of claim is not governed by the FDCPA. Jenkins v. Genesis Fin. Solutions, (In re Jenkins), 456 B.R. 236 (Bankr.E.D.N.C. 2011) (if filing a proof of claim constituted a 'collection' activity, then filing of proofs of claims would be at odds with the Bankruptcy Code's automatic stay); Middlebrooks v. Interstate Credit Control, Inc., 391 B.R. 434, 437 (D. Minn. 2008)(FDCPA claim[s] cannot be premised upon proofs of claim); In re Surprise, 342 B.R. 119, 122 (Bankr.N.D.N.Y. 2006); Rodgers v. B-Real, LLC,  391 B.R. 317, 324 (Bankr.M.D.La. 2008)(A FDCPA claim does not exist for the filing proofs of claim on time barred debts in bankruptcy); Humes v. LVNV Funding, 496 B.R. 557, 580 (Bankr.E.D.Ark. 2013);  Smith v Asset Acceptance, LLC, (S.D.Ind. 2013), Case No. 1:13-cv-255-WTL-DML, (Entry of Defendant's Motion to Dismiss August 9, 2013)(consistent with Randolph 368 F.3d 726 (7th Cir. 2004), the district court held that the FDCPA was not implicitly repealed by the Bankruptcy Code. However, the district court, in FN1, stated that it expressed no opinion on whether the filing of a proof of claim

constitutes debt collection under the FDCPA).

There is currently one published decision that holds that filing a proof of claim on a time barred debt is a basis for an FDCPA violation.  In re Crawford, 2013 WL 1947616 (11th Cir. 2014). The Crawford court held that filing a claim is an attempt to collect a debt against a debtor and that a creditor can simply choose not to file a proof of claim to avoid any FDCPA violations.  However, the Crawford court declined to weigh whether the Code "preempts" or "precludes" the FDCPA when creditors misbehave in bankruptcy. Crawford, 2013 WL 1947616, at *2 n.1:

> Some circuits hold that the Bankruptcy Code displaces the FDCPA in the bankruptcy context. See Simmons v. Roundup Funding, LLC, 622 F.3d 93, 96 (2d Cir. 2010); Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002). Other circuits hold the opposite. See Simon v. FIA Card Ser., N.A., 732 F.3d 259, 271−74 (3d Cir. 2013); Randolph v. IMBS, Inc., 368 F.3d 726, 730−33 (7th Cir. 2004). In any event, we need not address this issue because LVNV argues only that its conduct does not fall under the FDCPA or, alternatively, did not offend the FDCPA.

As a whole, Randolph states that the Bankruptcy Code precludes the application of the FDCPA only if the two statutes conflict while Crawford says that filing a claim is an attempt to collect a debt but declines to discuss whether the FDCPA even applies because the Bankruptcy Code preempts the application.   Thus, the crux is whether holding that filing a claim is an attempt to collect a debt would conflict with the Bankruptcy Code.  Also, whether apply the FDCPA to the claims filing process conflicts with the Bankruptcy Code.

The automatic stay contained in the Bankruptcy Code prohibits "any act to collect, assess or recover" a debt. 11 U.S.C. §362(a)(6). Yet, the Bankruptcy Code allows the filing of a proof of claim. "A creditor or indenture trustee may file a proof of claim".11 U.S.C. §501(a). If the filing of a proof of claim is not an "act to collect" a debt under the Bankruptcy Code, it is not debt collection.

Quantum/Brimmage/Motion to Dismiss - Memo

**4.      The Filing of a Proof of Claim Cannot be Debt Collection Because it Would Violate the Automatic Stay of 11 U.S.C § 362.**

The iron curtain that is the automatic stay prohibits "any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case". 11 U.S.C. § 362(a)(6). "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws…It stops all collection efforts…" Historical and Statutory Notes to  11 U.S.C. § 362. While the FDCPA limits itself to collection activities concerning consumer debts, the automatic stay prohibits all collection efforts related to any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured". 11 U.S.C. §101(5)(A).

If the filing of a proof of claim is debt collection under the provisions of the FDCPA, then the filing of a proof of claim violates the automatic stay. Yet, the Bankruptcy Code expressly sanctions the filing of a proof of claim "a creditor may file a proof of claim" 11 U.S. C. §501(a). Further, Comment 8 to the Official Form contemplates the filing of a proof of claim by an agent for the creditor, or what might be considered a debt collector under the FDCPA. Comment 8 to the Official Form states: "[I]f the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent."

The Bankruptcy Code gives no indication that the filing of a proof of claim falls within the automatic stay's broad prohibition against taking "any act to collect" a debt.  11 U.S.C. §362(a)(6). In fact, nothing in the provisions of the automatic stay carve out from its lengthy list of prohibited activities, the filing of a proof of claim. Similarly, 11 U.S.C §501, which allows for the filing of a proof of claim, does not state that the act of doing so is an exception to the automatic stay. The

Bankruptcy Code gives in no way supports the conclusion that the filing of a proof of claim is "an act to collect" a debt. 11 U.S.C. §362(a)(6).

> **5.    A Proof of Claim is not Debt Collection Because it does not Seek Payment from the Debtor; but Rather Allows Payment from a Bankruptcy Estate.**

The FDCPA was enacted to protect consumers from abusive debt collection practices likely to disrupt a debtor's life. <u>Mace v. Van Ru Credit Corp.</u> 109 F.3d 338, 343 (7th Cir. 1997).  A proof of claim filed in a bankruptcy proceeding is not an attempt to collect a debt from the debtor. The filing of a bankruptcy petition creates a bankruptcy estate. 11 U.S.C. §541. The bankruptcy estate consists of all the debtor's legal and equitable interests in property as of the date of the petition. <u>Id</u>. And, in a Chapter 13 case, like the one filed by the Plaintiff, the bankruptcy estate also includes the debtor's post- petition earnings. 11 U.S.C.§1306. The debtor's post-petition disposable earnings are committed to repayment under a Chapter 13 plan. 11 U.S.C. §1325(b)(1)(B). The debtor pays to a Chapter 13 trustee the monies due under a Chapter 13 plan. 11 U.S.C. §1326(a)(2). It is the Chapter 13 trustee, not the debtor, that distributes payments to creditors under the Chapter 13 plan. <u>Id</u>.

A proof of claim is a filing made against a bankruptcy estate to preserve a claim in the bankruptcy process. The FDCPA does not apply to communications made to persons that are not consumers (or their attorneys) that do not violate the FDCPA. <u>Hill v.Mutual Hospital Serviced, Inc</u>., 454 F.Supp.2d 779 (S.D. Ind. 2005) (a threat made to an attorney's assistant that a phone call would be placed directly to the consumer did not violate the FDCPA). The filing of a proof of claim is not a communication to a debtor to collect a debt. The FDCPA does not apply to filing proofs of claim.

**6.      The Filing of a Proof of Claim on a Time Barred Debt is Permitted by the Bankruptcy Code and therefore cannot be a Violation of the FDCPA.**

A debt barred by the statute of limitations is not extinguished. "Although the statute of limitations had lapsed on the debt at issue, under …Indiana law, [the creditor] could still seek to collect on the debts." <u>Magee v. Portfolio Recovery Associations, LLC</u>, 2012 U.S. Dist. LEXIS 116666 (N.D. Ill. August 15, 2012). A debt collector can still attempt to collect on a debt, outside of a court action, whether or not the statute of limitations has expired. <u>Id.</u> The running of the statute of limitations would bar a creditor from collecting through the courts, but it does not extinguish the debt. <u>Id.</u>  In fact, under Indiana law, a time barred debt can be asserted as a counter-claim. IRTP, Rule 13(J). Therefore, a time barred debt is still a debt; it is just a debt that cannot be enforced through the normal channels of litigation.

When a party owing a time barred debt files bankruptcy he or she seeks a unique remedy, the extinguishment of a valid, but time barred debt.  The only way the creditor can seek to preserve its valid debt is to file a proof of claim. Under the Bankruptcy Code a claim is broadly defined to include "any right to payment that may be contingent or disputed in any way". 11 U.S.C.§101(5)(A). The legislative history confirms that a claim is to be defined in the broadest way:

> "[B]y this broadest possible definition..the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case."

H.R. 95-595,95[th] Cong. 1st Sess. 309 (1977) Senate Report 95-989, 95th Cong.2d Sess. 21 (1978).

Plaintiff's Complaint alleges a violation of 15 U.S.C. §1692e(5). Specifically, the Complaint contends that by filing a proof of claim for a debt that was clearly time barred under Illinois law, Defendants violated various provisions of the FDCPA that proscribe "misrepresenting the 'legal status' of a debt, making a false 'threat to take action that cannot be legally taken' to collect a debt,

and the use of 'deceptive means to collect or attempt to collect a debt.'"  The Complaint, however,

contains no specificity on the alleged representation made in the proof of claim that the Plaintiff

contends was false or misleading.

The filing of a proof of claim is a sanctioned act under the Bankruptcy Code. 11 U.S.C. §501.

The Bankruptcy Code, by broadly defining a claim in bankruptcy to include any right to payment that

maybe contingent or disputed, anticipated the filing of proofs of claim that might be subject to

defenses. The time barred debt represented by the Defendants' proof of claim represents a valid debt

that is subject to challenge. The Bankruptcy Code places the burden for claims review and challenge

on the debtor and the appointed Trustee. The filing of a proof of claim of a debt vulnerable to a

defense does not constitute taking action the Defendants were not legally permitted to take. As a

result there is no violation of 15 U.S.C. §1692e.

Similarly, nothing in Defendants' filed proof of claim threatened to take action Defendants

were not legally permitted to take or made any statement as to the nature of the debt represented by

the proof of claim. Defendants' proof of claim was filed on the Official Form and simply set forth:

(1) the amount of the claim as of the date the bankruptcy case was filed; (2) the basis for the claim;

(3) itemization of the claim if it includes interest or other charges and (4) the status of the claim as

unsecured, secured, or subject to priority. See, Exhibit A hereto and Exhibit A to the Complaint.

None of this Bankruptcy Code sanctioned information can be construed as threatening to take action

not legally allowed.

**C.    AN FDCPA CREDITOR CANNOT SIMULTANEOUSLY COMPLY WITH THE BANKRUPTCY CODE AND THE FDCPA WHEN PARTICIPATING IN THE BANKRUPTCY PROCESS.**

If the filing of a proof of claim is debt collection, then a creditor dealing with a FDCPA debt and using an authorized agent or attorney to file the proof of claim (hereinafter referred to as a "FDCPA creditor") must comply not only with the Bankruptcy Code, but also with the FDCPA in the bankruptcy process. Compliance with the Bankruptcy Code and FDCPA, considered to be overlapping statutes, has only been required when "[i]t easy to enforce both statutes and any debt collector can comply with both simultaneously". Randolph v. IMSB, Inc., 368 F.3d 726, 730 (7th Cir. 2004) (holding that the FDCPA applied to a post-petition letter demanding immediate payment of a debt that was the subject of a confirmed Chapter 13 Plan). As is discussed herein, a FDCPA creditor participating in the bankruptcy process cannot comply with both the Bankruptcy Code and the FDCPA.

**1.    The FDCPA's Required Debt Validation Letter (15 U.S.C. 1692g(a)) which Must be Sent within Five Days of the Filing of a Proof of Claim Violates the Bankruptcy Code's Automatic Stay.**

The FDCPA requires that certain notices be provided to the obligor of the FDCPA debt within five (5) days of any initial communication. A "communication" under the FDCPA is defined as the "conveying of information regarding a debt directly or indirectly through any medium." 15 U.S.C. §1692(a)(2). A proof of claim, which identifies the creditor, the amount owed, and the nature of the obligation, would qualify as a communication under the FDCPA. 11 U.S.C. § 501(a); Official Form; 15 U.S.C.§1692a(2).   The FDCPA does exclude from the definition of an "initial communication" "any formal pleading filed in a civil action." 15 U.S.C. §1692g(4). However, a civil

action is only commenced by the filing of a complaint. FRCP Rule 4. A bankruptcy case is not commenced by the filing of a complaint. A bankruptcy case is commenced by the filing of a bankruptcy petition. 11 U.S.C. §301. Therefore, a bankruptcy case is not a civil action. Consequently, the filing of a proof of claim is not excluded from the definition of an initial communication under the FDCPA.

If the FDCPA applies to documents filed in bankruptcy, the filing of a proof of claim is an initial communication. As a result, a FDCPA creditor must comply with 15 U.S.C. §1962g(a), and provide the following written notice within 5 days of the filing of the proof of claim:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

These notice requirements are often referred to as debt validation letters (and for ease of reference hereinafter shall be hereinafter referred to as a "debt validation letter").   A debt validation letter serves to advise the consumer of the right to dispute the validity of the debt. "15 U.S.C. §1692g(a) mandates in no uncertain terms that a debtor has thirty (30) days to dispute the validity of the debt". Spears v. Brennan, 745 N.E.2d 862 (Ind.Ct.App.2001). The debt validation letter also informs the debtor that if he disputes the debt, collection on the debt must stop until the debt has been validated. 15 U.S.C §1962g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

If the filing of a proof of claim is debt collection under the FDCPA, then the sending of a debt validation letter is a "communication" in connection with the collection of a debt. While the filing of a proof of claim is sanctioned by the Bankruptcy Code (11 U.S.C. §501), a debt validation letter is not. Because a debt validation letter is sent in connection with collection of a debt, it constitutes "activity to collect" a debt which is forbidden by the Bankruptcy Code's automatic stay. 11 U.S.C. §362(a)(6); Maloy v. Phillips, 197 B.R. 721, 723 (M.D. Ga 1996)(a debt validation letter sent to a debtor in bankruptcy violates the automatic because it suggests that the debtor's failure to dispute the debt will prejudice the debtor, and further suggests that collection activity by the creditor will continue after thirty days). A debt validation letter sent to a debtor in bankruptcy may cause

"inexperienced, frightened, or ill-counseled debtors [to] succumb to suggestions to repay notwithstanding their bankruptcy". Id. "In our opinion, the debt validation provisions required by FDCPA clearly conflict with the claims processing procedures contemplated by the Code and Rules. Simply put, we find that the provisions of both statutes cannot compatibly operate." B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 238 2008 Bankr. LEXIS 3850 (B.A.P. 9th Cir. 2008). Consequently, the Bankruptcy Code prohibits precisely what the FDCPA requires.

An FDCPA creditor filing a proof of claim must choose: (1) to violate the Bankruptcy Code by sending the debt validation letter; (2) to violate the FDCPA by not sending the debt validation letter; or (3) not participate in the bankruptcy process through the filing of a proof of claim.

Compliance with the FDCPA and the Bankruptcy Code is not possible for the FDCPA creditor participating in the bankruptcy process through the filing of a proof of claim. Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004).

**2.      If the FDCPA Applies to the Filing of Proofs of Claim, it Likely Applies to Many Facets of the Bankruptcy Process.**

If the filing of a proof of claim is considered debt collection under the FDCPA, then a FDCPA creditor's participation in other bankruptcy processes will likely also be characterized as debt collection.

**a.      Meeting of Creditors Conducted Pursuant to 11 U.S.C. § 341.**

11 U.S.C. §341(a) requires a United States Trustee to convene and preside over a meeting of creditors (referred to hereinafter as the "341 meeting"). "A creditor holding a consumer debt or any representative of the creditor…shall be permitted to appear at and participate in the meeting of creditors". 11 U.S.C. §341(c). Often creditors will hire counsel to attend the 341 meeting and

Quantum/Brimmage/Motion to Dismiss - Memo

question the debtor concerning a debt. If the filing of a proof of claim is debt collection under the FDCPA, then examining a debtor concerning that debt must also fall with the gambit of debt collection. Consequently, a FDCPA creditor exercising a Bankruptcy Code sanctioned right to participate in the 341 meeting, must also comply with the FDCPA.

If the 341 meeting is the first contact with the debtor concerning the debt, then it qualifies as an initial communication under the FDCPA. Therefore, a FDCPA creditor must send a debt validation letter within five (5) days of the 341 meeting. 15 U.S.C. §1692g(a). A FDCPA creditor cannot orally recite the contents of the debt validation letter at the 341 meeting because the FDCPA requires the debt validation letter to be in writing. §1692g(a). The sending of a debt validation letter violates the automatic stay. Maloy v. Phillips, 197 B.R. 721, 723 (M.D.Ga 1996)(a debt validation letter sent to a debtor in bankruptcy violates the automatic because it suggests that the debtor's failure to dispute the debt will prejudice the debtor, and further suggests that collection activity by the creditor will continue after thirty days). Therefore, a FDCPA creditor must choose to: (1) participate in the 341 meeting and violate the FDCPA by not sending a debt validation letter; (2) participate in the 341 meeting and send the debt validation letter thereby violating the automatic stay; or (3) forgo participation in the 341 meeting altogether.

Compliance with the FDCPA and the Bankruptcy Code is not possible for the FDCPA creditor participating in a 341 meeting. Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004).

### b.      Objections to a Chapter 13 Plan.

If a FDCPA applies to the filing of a proof of claim, then it applies to a FDCPA creditor objecting to the treatment of its claim under a Chapter 13 plan. Hearings on objections to confirmation must be conducted not later than forty-five (45) days after the first meeting of creditors.

Quantum/Brimmage/Motion to Dismiss - Memo

11 U.S.C. §1324(b). Proofs of claim must be filed ninety (90) days after the first meeting of creditors. FRBP 3002(c). Consequently, in a Chapter 13 case, the FDCPA creditor's initial communication with the debtor (for purposes of the FDCPA) is often the filing of an objection to confirmation of the debtor's Chapter 13 plan.  The FDCPA requires a debt validation letter to be sent within five (5) days of the filing of the objection to a Chapter 13 plan. Again, sending the debt validation letter is a violation of the automatic stay. 11 U.S.C.§362. Maloy v. Phillips, 197 B.R. 721, 723 (M.D.Ga 1996)(a debt validation letter sent to a debtor in bankruptcy violates the automatic because it suggests that the debtor's failure to dispute the debt will prejudice the debtor, and further suggests that collection activity by the creditor will continue after thirty days).

Therefore, a FDCPA creditor must choose to: (1) object to the Chapter 13 plan and send the debt validation letter thereby complying the FDCPA but violating the Bankruptcy Code; (2) object to the Chapter 13 plan and not send the debt validation letter thereby complying with the Bankruptcy Code, but violating the FDCPA; or (3) forgo participation in the bankruptcy process by not objecting to the Chapter 13 plan.

Compliance with the FDCPA and the Bankruptcy Code is not possible for the FDCPA creditor filing an objection to a Chapter 13 plan. Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004).

c.      **Motions for Relief from the Automatic Stay.**

If the FDCPA applies to proofs of claim, it applies to a motion for relief for the automatic stay which seek recovery of collateral securing a FDCPA debt. The problems discussed in the section on objections to plans., supra, apply with equal force to motions for relief form the automatic stay. If the motion for relief from the automatic stay is the initial communication, then a debt validation

Quantum/Brimmage/Motion to Dismiss - Memo

letter must be sent within five (5) days of the filing of the motion. 15 U.S.C. §1692g(a). However,

the Bankruptcy Code's automatic stay precludes the sending of a debt validation letter. 11 U.S.C.

§362(a)(6). Maloy v. Phillips, 197 B.R. 721, 723 (M.D.Ga 1996)(a debt validation letter sent to a

debtor in bankruptcy violates the automatic because it suggests that the debtor's failure to dispute the

debt will prejudice the debtor, and further suggests that collection activity by the creditor will

continue after thirty days).

    Compliance with the FDCPA and the Bankruptcy Code is not possible for the FDCPA

creditor filing a motion for relief from the automatic stay to recover collateral. Randolph v. IMBS,

Inc., 368 F.3d 726, 730 (7th Cir. 2004).

### D.    CONCLUSION

    Based on the foregoing, Defendants respectfully request that the Court enter an Order

dismissing the Complaint, in its entirety and with prejudice, for its failure to state a viable claim for

relief against Defendants for which relief can be granted; and, for such other, further and different

relief as this Court deems just and proper.

                              Respectfully submitted,

                              QUANTUM3 GROUP LLC and ELITE RECOVERY
                              ACQUISITIONS, LLC,
                              Adversary Defendants,

                              By: _____/s/ David J. Frankel_____
                                       One of its attorneys

David J. Frankel (Ill. #6237097)
Sorman & Frankel, Ltd.
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312)332-3535
(312)332-3545 (facsimile)

Quantum/Brimmage/Motion to Dismiss - Memo